IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

WILLIE MURPHY, JR., )
 )
    Plaintiff, )
 )
v. ) CV 322-061
 )
TIMOTHY WARD, Commissioner, and )
JERMAINE WHITE, Warden, )
 )
    Defendants. )

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Plaintiff requested and received an extension of time to object to the Magistrate Judge's recommendation to dismiss the case based on Plaintiff's failure to exhaust administrative remedies and failure to state a substantive claim upon which relief can be granted. (Doc. nos. 10, 12, 14.) Rather than submit objections by the extended deadline, Plaintiff submitted a motion to amend his amended complaint so that he can add "details to claim to clarify Courts [sic] understanding." (Doc. no. 15, p. 1.) There is no proposed amended complaint attached to the motion, and there is no description of the substance of the information Plaintiff intends to provide the Court.

Under Federal Rule of Civil Procedure 15(a), Plaintiff may amend his complaint once as a matter of course. Plaintiff availed himself of that option when he filed his first amended

complaint. (See doc. nos. 1, 5.) After the first amendment as of right, Plaintiff may amend only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although leave to amend under Fed. R. Civ. P. 15(a) is generally given freely, Foman v. Davis, 371 U.S. 178, 182 (1962), leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting Foman, 371 U.S. at 182). Leave to amend is futile and may be denied where the amended pleading would be subject to dismissal. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019).

Because amendment here would be futile, the Court **DENIES** the motion to amend. (Doc. no. 15.) The Magistrate Judge made a two-pronged recommendation for dismissal, one of which was Plaintiff's failure to exhaust administrative remedies prior to filing the lawsuit. In both the original and amended complaints signed under penalty of perjury, Plaintiff swore he filed his lawsuit without awaiting a response to his original grievance, let alone filing an appeal. (Doc. no. 1-1, pp. 4, 8; doc. no. 5, pp. 3, 7.) In an unsigned and undated submission with his motion to amend, Plaintiff now says he has exhausted his administrative remedies. (Doc. no. 15, p. 3.) However, as the Magistrate Judge explained, administrative remedies must be exhausted *prior to* commencing a federal lawsuit. (See doc. no. 10, pp. 6-8.) As completion of the administrative process after commencement of the case would not save this civil action from dismissal, any amendment would be futile.

Even if Plaintiff could overcome the exhaustion hurdle, the motion to amend is also due to be denied because Plaintiff does not cure or address the alternative basis for dismissal. The Magistrate Judge explained Plaintiff had not mentioned either Defendant in his statement of claim, and they cannot be held liable by virtue of their supervisory positions. (Id. at 8-10.) In his motion, Plaintiff has not identified any other individuals responsible for his medical care, or otherwise provided additional details showing the named Defendants had anything to do with his medical care or had any causal connection to the allegedly unconstitutional medical care. The absence of a proposed amended complaint or description of the substance of the information Plaintiff intends to provide the Court to cure the previously identified pleading deficiencies is fatal to the motion to amend. See Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla., -F.4th-, No. 21-10619, 2022 WL 4100687, at *9 (11th Cir. Sept. 8, 2022) (citing circuit precedent requiring plaintiff wishing to amend to file motion for leave to amend and either provide substance of proposed amendment or attach proposed amended pleading).

Accordingly, the Court **DENIES** the motion to amend, (doc. no. 15), **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without prejudice, and **CLOSES** this civil action.

SO ORDERED this 6th day of October, 2022, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE